UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G. SMITH,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>DANIEL WOLF and PAUL BEDINGTON,<br><br>　　　　　　　　　Defendant. | Case No.: 20cv1409 JAH (JLB)<br><br>**ORDER:**<br><br>**1. GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [Doc. No. 2];**<br><br>**2. DISMISSING IN PART COMPLAINT WITHOUT PREJUDICE PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) [Doc. No. 1]** |

## INTRODUCTION

On July 22, 2020, G. Smith ("Plaintiff"), proceeding pro se, filed a complaint seeking damages against Daniel Wolf and Paul Bedington ("Defendants") for seven California state law claims: breach of contract, assault, trespass, trespass to chattels, conversion, abuse of process, and unjust enrichment. After a careful review of the pleadings, exhibits and motions and for the reasons set forth below, the Court (1) **GRANTS** the motion for leave to proceed *In Forma Pauperis*, [Doc. No. 2]; (2) **DISMISSES** in part the Complaint, [Doc. No. 1], without prejudice, and with leave to amend.

///

///

///

# DISCUSSION

## I. Plaintiff's IFP Motion

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of *habeas corpus*, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Courts grant leave to proceed IFP when plaintiffs submit an affidavit, including a statement of all their assets, showing the inability to pay the statutory filing fee. *See* 28 U.S.C. § 1915(a).

In support of plaintiff's motion, plaintiff submitted an application to proceed in district court without paying fees or costs. *See* Doc. No. 2. Plaintiff is self-employed and receives an average of $250.00 monthly income during the past twelve months. Doc. No. 2 at 1. Plaintiff also receives an additional $197.00 in public assistance. *Id.* at 2. Plaintiff receives a monthly total of $447.00 during the past twelve months. *Id.* Plaintiff's average monthly expenses total $440.00, which is approximately the same as his total monthly income. *Id.* at 2. Plaintiff indicates that he owns two vehicles, together worth a total of $3,100. *Id.* at 3. Based on these representations, the Court finds Plaintiff is unable to pay the statutory filling fee. Accordingly, the Court **GRANTS** Plaintiff's motion for leave to proceed IFP.

## II. Sua Sponte Screening Pursuant to 28 USC § 1915(e)(2)(B)

### A. Jurisdiction

After granting IFP status, the court must dismiss the case *sua sponte* if the case "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B); see also

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

*Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001). In addition, "[i]f the court determines at anytime that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see also *Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss *sua sponte* for lack of jurisdiction").

"Subject matter jurisdiction based upon diversity of citizenship requires that no defendant have the same citizenship as any plaintiff." *Tosco Corp. v. Communities for a Better Env.*, 236 F.3d 495, 499 (9th Cir. 2001). It is also necessary that "the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs...." 28 U.S.C. § 1332(a). Here, Plaintiff is a resident of Oregon and Defendants are residents of California. Because the Plaintiff and Defendants are both residents and citizens of different states, there is complete diversity. Furthermore, Plaintiff alleges that the amount in controversy exceeds the sum or value of $75,000. Since there is complete diversity and the amount in controversy exceeds $75,000, the court does not lack subject matter jurisdiction and can proceed with the claim.

### B. Standard of Review

When a plaintiff seeks leave to proceed IFP, pursuant to 28 U.S.C. § 1915(a), the Complaint is subject to *sua sponte* review, and mandatory dismissal, if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." See 28 U.S.C. § 1915(e)(2)(B); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015) (pursuant to 28 U.S.C. § 1915(e)(2) "the court shall dismiss the case at any time if the court determines that… (B) the action or appeal… (ii) fails to state a claim on which relief may be granted."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (section 1915(e) not only permits, but requires, a district court to dismiss an in forma pauperis complaint that fails to state a claim.). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure

12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

Rule 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); see *Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson*, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," he must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

To survive dismissal, the complaint must contain "a short and plain statement of the claim that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). If a court determines that a complaint fails to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts. *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

**1. Breach of Contract Claim**

To state a breach of contract claim under California law, a plaintiff must allege facts sufficient to establish: "(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff." *Reichert v. General Ins. Co.*, 442 P. 2d 377, 381 (Cal. 1968). Here, the Complaint alleges sufficient facts to state a breach of contract claim. The Complaint alleges that there was a

written contract between Plaintiff and Defendants where Plaintiff would provide legal services to Defendants in exchange for living accommodations. The Complaint also alleges that Plaintiff provided his legal services, but Defendants breached the contract by "forcibly [ejecting]" Plaintiff from the guest room he was living in without providing another living accommodation. Therefore, Plaintiff's breach of contract claim is plausible since Plaintiff plead factual content that allows the Court to draw the reasonable inference that Defendants are liable for their alleged misconduct.

**2. Assault Claim**

Under California civil law, a claim for assault must allege: "(1) that Defendants intended to cause harmful or offensive contact, or the imminent apprehension of such contact, and (2) that Plaintiff was put in imminent apprehension of such contact." *Brooks v. United States*, 29 F. Supp. 2d 613, 617 (N.D. Cal. 1998) (citing Restatement (Second) of Torts § 21 (1965)). "The tort of assault is complete when the anticipation of harm occurs." *Kiseskey v. Carpenters' Trust for So. California*, 192 Cal. Rptr. 492, 498 (Cal. Ct. App. Dist. 1983). Physical injury need not be present for either a claim of assault or battery. *Id*. Specific intent to commit an assault is not required, only an intentional act coupled with "actual knowledge of the facts sufficient to establish that the defendant's act by its nature will probably and directly result in injury to another." *People v. Williams*, 29 P. 3d 197, 199 (Cal. 2001).

Here, the Complaint fails to allege sufficient facts to state an assault claim. The Complaint asserts threadbare recitals of the elements of a cause of action without any factual support. The Complaint merely asserts that one of the Defendants "threaten[ed] Plaintiff with immediate bodily harm" and that "Defendant assaulted Plaintiff." The Complaint fails to provide factual support on (1) whether the Defendants intended to cause harmful or offensive contact, or the imminent apprehension of such contact to the plaintiff; and (2) whether Plaintiff was put in imminent apprehension of such contact. The Complaint only offers conclusory statements that are insufficient to permit the Court to draw a reasonable inference that the Defendants may be liable for their alleged misconduct.

**3. Trespass Claim**

Trespass is "an unlawful interference with possession of property." *Staples v. Hoefke*, 189 Cal. App. 3d 1397, 1406 (1987). The elements of trespass are: "(1) the plaintiff's ownership or control of the property; (2) the defendant's intentional, reckless, or negligent entry onto the property; (3) lack of permission for the entry or acts in excess of permission; (4) harm; and (5) the defendant's conduct was a substantial factor in causing the harm." *Ralphs Grocery Co. v. Victory Consultants, Inc.*, 225 Cal. Rptr. 3d 305, 317 (Cal. Ct. App. 2017). The interference with possession "need not take the form of a personal entry onto the property by the wrongdoer. Instead, it may be accomplished by the casting of substances or objects upon the plaintiff's property from without its boundaries." *Elton v. Anheuser-Busch Beverage Grp. Inc.*, 58 Cal. Rptr. 2d 303, 306 (Cal. Ct. App. 1996). Here, the Complaint alleges a plausible trespass claim. The Complaint alleges that Plaintiff had possessory interest over his suite and Defendants intentionally entered his suite without Plaintiff's permission before the court-ordered eviction. Plaintiff was harmed by Defendants' conduct since he was no longer able to enter the premises and collect his personal belongings. Based on the facts alleged in the Complaint, the Court can draw a reasonable inference that Defendants may be liable for their alleged misconduct.

**4. Trespass to Chattels Claim**

Under California law, one is only liable of the tort of trespass to chattel if his "intermeddling is harmful to the possessor's materially valuable interest in the physical condition, quality, or value of the chattel, or if the possessor is deprived of the use of the chattel for a substantial time, or some other legally protected interest of the possessor is affected..." *Intel Corp. v. Hamidi*, 71 P. 3d 296, 302-303 (Cal. 2003). The Complaint fails to allege a sufficient trespass to chattels claim because it lacks factual enhancement for the Court to draw a reasonable inference to determine whether the defendants are liable for their misconduct. The Complaint states that "Defendants intentionally, illegally entered into [P]laintiff's suite and converted all of [P]laintiff's possessions;" the Complaint only

offers conclusionary statements instead of rendering factual enhancement to determine whether Defendants would be liable for their alleged misconduct.

### 5. Conversion Claim

Conversion is "the wrongful exercise of dominion over the property of another." *Oakdale Village Group. v. Fong*, 50 Cal. Rptr. 2d 810, 812 (Cal. Ct. App. 1996). To state a claim for conversion, a plaintiff must allege that (1) he had ownership or rights to possess the property at issue at the time of the conversion; (2) the defendant converted the property by wrongful act; and (3) the plaintiff suffered damages as a result. *Id*. Here, the Complaint alleges sufficient facts to state a conversion claim. The Complaint alleges that Defendants entered Plaintiff's suite without his consent and took his possessions. Specifically, the Complaint alleges that Defendant took "a box of legal paperwork, re-packing and removing part of its contents," which interfered with Plaintiff's use and possession of those items. Therefore, Plaintiff's conversion claim is plausible since Plaintiff plead sufficient facts to allow the Court to draw the reasonable inference that Defendants are liable for their alleged misconduct.

### 6. Abuse of Process Claim

The California abuse of process tort has two elements: "(1) an ulterior motive; and (2) a willful act in the use of process not proper in the regular conduct of the proceedings." *Drum v. Bleau, Fox & Assocs.*, 132 Cal. Rptr. 2d 602, 608 (Cal. Ct. App. 2003). Simply filing or maintaining a lawsuit—even with an improper motive—is not actionable. *Silver v. Gold*, 259 Cal. Rptr. 185, 189 (Cal. Ct. App. 1989). The tort must involve a misuse of the power of the court, or "an act done under the authority of the court for the purpose of perpetrating an injustice." *Younger v. Solomon*, 113 Cal. Rptr. 113, 118 (Cal. Ct. App. 1974). "[T]here must be subsequent abuse, by a misuse of the judicial process for a purpose other than that which it was intended to serve. The gist of the tort is the improper use of the process after it is issued." *Adams v. Superior Court*, 3 Cal. Rptr. 2d 49, 53-54 (Cal. Ct. App. 1992).

Even though the Complaint alleges that one of the Defendants perjured themselves in order to obtain a Temporary Restraining Order ("TRO") as an ulterior motive to "bypass statutory due process" for the purpose of forcibly removing Plaintiff from the premises, the Complaint fails to allege any facts that prove Defendants partook in subsequent abuse. The TRO was granted by a San Diego Superior Court and Defendants used the TRO to evict Plaintiff, i.e. one of the protections it was intended to provide. Since the TRO was used for the purpose it was intended to serve, the Complaint fails to supply facts that would prove there was improper use of the TRO after it was issued. Therefore, the Court cannot draw a reasonable inference that Defendants may be liable for their alleged misconduct.

**7. Unjust Enrichment Claim**

The Ninth Circuit recently clarified the law regarding unjust enrichment in California, holding that while "there is not a stand alone cause of action for unjust enrichment, which is synonymous with restitution ... [w]hen a plaintiff alleges unjust enrichment, a court may construe the cause of action as a quasi-contract claim seeking restitution." *Astiana v. Hain Celestial Group, Inc.*, 783 F.3d 753, 762 (9th Cir. 2015). The elements for a claim of unjust enrichment are "receipt of a benefit and unjust retention of the benefit at the expense of another." *Lectrodryer v. SeoulBank*, 91 Cal. Rptr. 2d 881, 883 (Cal. Ct. App. 2000). "The theory of unjust enrichment requires one who acquires a benefit which may not justly be retained, to return either the thing or its equivalent to the aggrieved party so as not to be unjustly enriched." *Otworth v. Southern Pac. Transportation Co.,* 212 Cal. Rptr. 743, 748 (Cal. Ct. App. 1985). It is not, strictly speaking, a theory of recovery, "but an effect: the result of a failure to make restitution under circumstances where it is equitable to do so." *Lauriedale Associates, Ltd. v. Wilson*, 9 Cal. Rptr. 2d 774, 780 (Cal. Ct. App. 1992).

Here, the Complaint alleges sufficient facts to state an unjust enrichment claim. The Complaint alleges that Defendants received a benefit that was provided through the services of Plaintiff. Plaintiff provided these services based upon reliance by Defendants that he would receive housing. After providing his services to Defendants, the Complaint

alleges that Plaintiff was forcibly removed from the premises thus never being able to enjoy "the agreement's most valuable benefit." Therefore, Plaintiff's unjust enrichment claim is plausible since Plaintiff plead factual content that allows the Court to draw the reasonable inference that Defendants are liable for their alleged misconduct.

Therefore, because Plaintiff's Complaint lacks short and plain statements factually supporting his Assault, Trespass to Chattels, and Abuse of Process claims, the Court finds that those claims must be **DISMISSED**, *sua sponte*, for failing to state a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii); *Lopez*, 203 F.3d at 1130.

### C. Leave to Amend

Because the Court has determined that some of Plaintiff's claims survive the *sua sponte* screening process, the Court will give Plaintiff the opportunity to either: (1) notify the Court of the intent to proceed with only his Breach of Contract, Trespass, Conversion, and Unjust Enrichment claims against Defendants; or (2) file an amended pleading correcting all the deficiencies of pleading identified by the Court in this Order. Plaintiff must choose one of these options within forty-five (45) days from the date this Order is filed. If Plaintiff chooses to proceed as to his surviving claims against Defendants, the Court will issue an Order directing the U.S. Marshal to effect service of his Complaint and dismiss the claims and defendants that fail to survive *sua sponte* review.

### CONCLUSION AND ORDER

For all the reasons discussed above, IT IS HEREBY ORDERED:

1. Plaintiff's Motion for Leave to Proceed IFP, pursuant to 28 U.S.C. § 1915(a), [Doc. No. 2] is **GRANTED**;
2. The Assault, Trespass to Chattels, and Abuse of Process claims [Doc. No. 1] are **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and
3. The Court **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to either: (1) notify the Court of the intention only to proceed with the claims surviving *sua sponte* review; or (2) file an Amended Complaint which

cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading. Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. See S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa County*, 693 F.3d 896, 928 (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

4. In the event Plaintiff elects to only proceed with his Breach of Contract, Trespass, Conversion, and Unjust Enrichment claims or fails to elect either option by the date such election is due, the Court will issue an Order dismissing all claims (and defendants) that have failed to survive *sua sponte* review and direct the U.S. Marshall to effect of this Complaint.

**IT IS SO ORDERED.**

DATED:  October 28, 2020

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE