UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G. SMITH,<br><br>                                   Plaintiff,<br><br>v.<br><br>DANIEL WOLF and PAUL BEDINGTON,<br><br>                                   Defendant. | Case No.:  20cv1409-JAH (JLB)<br><br>**ORDER:**<br>**(1) GRANTING IN PART AND DISMISSING IN PART PLAINTIFF'S FIRST AMENDED COMPLAINT [Doc. No. 7]; AND**<br>**(2) GRANTING MOTION TO FILE ELECTRONICALLY [Doc. No. 8]** |

## INTRODUCTION

On July 22, 2020, G. Smith ("Plaintiff"), proceeding pro se, filed a Complaint seeking damages against Daniel Wolf and Paul Bedington ("Defendants") for seven California state law claims: Breach of Contract, Assault, Trespass, Trespass to Chattels, Conversion, Abuse of Process, and Unjust Enrichment. [Doc. No. 1]. On July 22, 2020, Plaintiff also filed a Motion to Proceed *in forma pauperis* ("IFP"). [Doc. No.2]. On October 19, 2020, Plaintiff filed a Motion for Extension of Time of Service, Doc. No. 3, and a Motion to File Electronically. [Doc. No. 4]. On October 27, 2020, this Court denied Plaintiff's Motion for Extension of Time of Service and Motion to File Electronically. [Doc. No. 5].

On October 28, 2020, this Court granted Plaintiff's Motion to Proceed IFP and dismissed Plaintiff's Complaint in part without prejudice. [Doc. No. 6]. Presently before

the Court is the Plaintiff's First Amended Complaint ("FAC").  After a careful review of the pleadings, exhibits, and motions, and for the reasons set forth below, the Court (1) **GRANTS IN PART** and **DISMISSES IN PART** the FAC [Doc. No. 7]; and (2) **GRANTS** Plaintiff's Motion to File Electronically [Doc. No. 8].

## DISCUSSION

### I. Sua Sponte Screening Pursuant to 28 USC § 1915(a)

#### A. Legal Standard

When a Plaintiff seeks leave to proceed IFP, the FAC is subject to *sua sponte* review, and mandatory dismissal, if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015) (pursuant to 28 U.S.C. § 1915(e)(2) "the court shall dismiss the case at any time if the court determines that… (B) the action or appeal… (ii) fails to state a claim on which relief may be granted."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("section 1915(e) not only permits, but requires, a district court to dismiss an *in forma pauperis* complaint that fails to state a claim.").  "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

#### 1. Breach of Contract Claim

To state a claim for breach of contract under California law, a plaintiff must allege facts sufficient to establish: "(1) the contract, (2) plaintiff's performance or excuse for non-performance, (3) defendant's breach, and (4) the resulting damages to plaintiff." *Reichert v. General Ins. Co.*, 442 P. 2d 377, 381 (Cal. 1968).  Here, the FAC alleges sufficient facts to state a breach of contract claim.  The FAC alleges that there was a written contract between Plaintiff and Defendants where Plaintiff would provide legal services to Defendants in exchange for living accommodations.  The FAC also alleges that Plaintiff provided his legal services, but Defendants breached the contract by "forcibly [ejecting]"

Plaintiff from the guest room he was living in without providing another living accommodation. Therefore, Plaintiff's breach of contract claim is plausible since Plaintiff plead factual content that allows the Court to draw the reasonable inference that Defendants are liable for their alleged misconduct.

**2. Assault Claim**

Under California civil law, a claim for assault must allege: "(1) that Defendants intended to cause harmful or offensive contact, or the imminent apprehension of such contact, and (2) that Plaintiff was put in imminent apprehension of such contact." *Brooks v. United States*, 29 F. Supp. 2d 613, 617 (N.D. Cal. 1998) (citing Restatement (Second) of Torts § 21 (1965)). "The tort of assault is complete when the anticipation of harm occurs." *Kiseskey v. Carpenters' Trust for So. California*, 192 Cal. Rptr. 492, 498 (Cal. Ct. App. Dist. 1983). Physical injury need not be present for either a claim of assault or battery. *Id*. Specific intent to commit an assault is not required, only an intentional act coupled with "actual knowledge of the facts sufficient to establish that the defendant's act by its nature will probably and directly result in injury to another." *People v. Williams*, 29 P. 3d 197, 199 (Cal. 2001). In *Steel v. City of San Diego*, the Court found that mere words, without an overt act, is not considered assault:

> Mere words, unaccompanied by some act apparently intended to carry the threat into execution do not put the other in apprehension of an imminent bodily contact, and so cannot make the actor liable for assault. For this reason, it is commonly said in the decisions that mere words do not constitute an assault, or that some overt act is required.

*Steel v. City of San Diego*, 726 F. Supp. 2d 1172, 1190 (S.D. Cal. 2010) (*citing* Restatement (Second) of Torts § 31 cmt. a).

Here, the FAC fails to allege sufficient facts to state an assault claim. Plaintiff alleges that Defendant Wolf "threaten[ed] Plaintiff with immediate bodily harm" and "Defendant assaulted Plaintiff." Plaintiff asserts that Defendant Wolf is substantially larger in frame than Plaintiff. Plaintiff states that Defendant Wolf is "approximately 6'2"

and 190 pounds" and the Plaintiff is "5'4" and under 120 pounds." However, the FAC fails to show how Plaintiff was put in imminent apprehension of a harmful or offensive contact. Plaintiff alleges that Defendant Wolf told Plaintiff, "I will pick you up myself and throw you out of this house if the cops don't get here fast enough to do it themselves." The alleged statement by Defendant Wolf does not amount to an intentional "imminent" threat because "if the cops don't get here fast enough…" is conditional and refers to a situation in the future. The FAC also fails to allege any sufficient facts that Defendant Wolf committed an "overt act" when making the statement.

Therefore, based on the facts alleged in the FAC, the Court cannot draw a reasonable inference that Defendant Wolf may be liable for his alleged misconduct.

**3. Trespass Claim**

Trespass is "an unlawful interference with possession of property." *Staples v. Hoefke*, 189 Cal. App. 3d 1397, 1406 (1987). The elements of trespass are: "(1) the plaintiff's ownership or control of the property; (2) the defendant's intentional, reckless, or negligent entry onto the property; (3) lack of permission for the entry or acts in excess of permission; (4) harm; and (5) the defendant's conduct was a substantial factor in causing the harm." *Ralphs Grocery Co. v. Victory Consultants, Inc.*, 225 Cal. Rptr. 3d 305, 317 (Cal. Ct. App. 2017). The interference with possession "need not take the form of a personal entry onto the property by the wrongdoer. Instead, it may be accomplished by the casting of substances or objects upon the plaintiff's property from without its boundaries." *Elton v. Anheuser-Busch Beverage Grp. Inc.*, 58 Cal. Rptr. 2d 303, 306 (Cal. Ct. App. 1996).

Here, the FAC alleges a plausible trespass claim. The FAC alleges that Plaintiff had possessory interest over his suite and Defendants intentionally entered his suite without Plaintiff's permission before the court-ordered eviction. Plaintiff was harmed by Defendants' conduct since he was no longer able to enter the premises and collect his personal belongings. Based on the facts alleged in the FAC, the Court can draw a reasonable inference that Defendants may be liable for their alleged misconduct.

**4. Trespass to Chattels Claim**

Under California law, one is only liable of the tort of trespass to chattel if his "intermeddling is harmful to the possessor's materially valuable interest in the physical condition, quality, or value of the chattel, or if the possessor is deprived of the use of the chattel for a substantial time, or some other legally protected interest of the possessor is affected...." *Intel Corp. v. Hamidi*, 71 P. 3d 296, 302-303 (Cal. 2003).

Here, the FAC states that "Defendants intentionally, illegally entered into [P]laintiff's suite and converted all of [P]laintiff's possessions…." A deeper dive into Plaintiff's allegations reflects Defendants' knowledge that Plaintiff had no alternative means to immediately secure alternative housing, yet Defendants confiscated his belongings. Plaintiff asserts that the alleged intermeddling by Defendants was harmful to Plaintiff's material valuable interest in the condition, quality, or value of his "plants, personal papers, and clothes." Therefore, the FAC alleges a plausible trespass to chattels claim because the facts alleged allow the Court to draw a reasonable inference to determine whether the Defendants are liable for their alleged misconduct.

**5. Conversion Claim**

Conversion is "the wrongful exercise of dominion over the property of another." *Oakdale Village Group. v. Fong*, 50 Cal. Rptr. 2d 810, 812 (Cal. Ct. App. 1996). To state a claim for conversion, a plaintiff must allege that (1) he had ownership or rights to possess the property at issue at the time of the conversion; (2) the defendant converted the property by wrongful act; and (3) the plaintiff suffered damages as a result. *Id*.

Here, the FAC alleges sufficient facts to state a conversion claim. The FAC alleges that Defendants entered Plaintiff's suite without his consent and took his possessions. Specifically, the FAC alleges that Defendant took "a box of legal paperwork, re-packing and removing part of its contents," which interfered with Plaintiff's use and possession of those items. Therefore, Plaintiff's conversion claim is plausible since Plaintiff plead sufficient facts to allow the Court to draw the reasonable inference that Defendants are liable for their alleged misconduct.

### 6. Abuse of Process Claim

The California abuse of process tort has two elements: "(1) an ulterior motive; and (2) a willful act in the use of process not proper in the regular conduct of the proceedings." *Drum v. Bleau, Fox & Assocs.*, 132 Cal. Rptr. 2d 602, 608 (Cal. Ct. App. 2003). Simply filing or maintaining a lawsuit—even with an improper motive—is not actionable. *Silver v. Gold*, 259 Cal. Rptr. 185, 189 (Cal. Ct. App. 1989). The tort must involve a misuse of the power of the court, or "an act done under the authority of the court for the purpose of perpetrating an injustice." *Younger v. Solomon*, 113 Cal. Rptr. 113, 118 (Cal. Ct. App. 1974). "[T]here must be subsequent abuse, by a misuse of the judicial process for a purpose other than that which it was intended to serve. The gist of the tort is the improper use of the process after it is issued." *Adams v. Superior Court*, 3 Cal. Rptr. 2d 49, 53-54 (Cal. Ct. App. 1992).

The FAC alleges that one of the Defendants "falsely alleg[ed] the Plaintiff was abusing him as an elderly person" and Defendant "Wolf skipped statutory due process" to obtain a Temporary Restraining Order ("TRO"), as an ulterior motive to forcibly remove Plaintiff from the premises. Plaintiff has proven ulterior motive, but the FAC fails to allege any facts from which a reasonable inference may be drawn that Defendants partook in subsequent abuse.

Plaintiff alleges Defendants "procured sheriffs, who without any notice to Plaintiff, forcibly entered and immediately removed Plaintiff from the premises." Plaintiff has failed to show how the Defendants improperly used the TRO after issuance. The TRO was granted by a San Diego Superior Court and Defendants used the TRO to evict Plaintiff, i.e. one of the protections it was intended to provide. The manner to which the TRO was enforced is not sufficient to establish improper use. Since the TRO was used for the purpose it was intended to serve, the FAC fails to supply facts that would show there was improper use of the TRO after it was issued. Therefore, the Court cannot draw a reasonable inference that Defendants may be liable for their alleged misconduct.

///

**7. Unjust Enrichment Claim**

The Ninth Circuit recently clarified the law regarding unjust enrichment in California, holding that while "there is not a stand alone cause of action for unjust enrichment, which is synonymous with restitution ... [w]hen a plaintiff alleges unjust enrichment, a court may construe the cause of action as a quasi-contract claim seeking restitution." *Astiana v. Hain Celestial Group, Inc.*, 783 F.3d 753, 762 (9th Cir. 2015). The elements for a claim of unjust enrichment are "receipt of a benefit and unjust retention of the benefit at the expense of another." *Lectrodryer v. SeoulBank*, 91 Cal. Rptr. 2d 881, 883 (Cal. Ct. App. 2000). "The theory of unjust enrichment requires one who acquires a benefit which may not justly be retained, to return either the thing or its equivalent to the aggrieved party so as not to be unjustly enriched." *Otworth v. Southern Pac. Transportation Co.,* 212 Cal. Rptr. 743, 748 (Cal. Ct. App. 1985). It is not, strictly speaking, a theory of recovery, "but an effect: the result of a failure to make restitution under circumstances where it is equitable to do so." *Lauriedale Associates, Ltd. v. Wilson*, 9 Cal. Rptr. 2d 774, 780 (Cal. Ct. App. 1992).

Here, the FAC alleges sufficient facts to state an unjust enrichment claim. The FAC alleges that Defendants received a benefit that was provided through the services of Plaintiff. Plaintiff provided these services based upon reliance by Defendants that he would receive housing. After providing his services to Defendants, the FAC alleges that Plaintiff was forcibly removed from the premises and thus was not able to enjoy "the agreement's most valuable benefit." Therefore, Plaintiff's unjust enrichment claim is plausible since Plaintiff plead factual content that allows the Court to draw the reasonable inference that Defendants are liable for their alleged misconduct.

Therefore, because Plaintiff's FAC lacks short and plain statements factually supporting his Assault and Abuse of Process claims, the Court finds that those claims must be **DISMISSED**, *sua sponte,* for failing to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Lopez*, 203 F.3d at 1130.

///

### B. Leave to Amend

Because the Court has determined that Plaintiff's Breach of Contract, Trespass, Trespass to Chattels, Conversion, and Unjust Enrichment claims survive the *sua sponte* screening process, the Court will give Plaintiff the opportunity to either: (1) notify the Court of the intent to proceed with only his Breach of Contract, Trespass, Trespass to Chattels, Conversion, and Unjust Enrichment claims against Defendants; or (2) file an amended pleading correcting all the deficiencies of pleading identified by the Court in this Order. Plaintiff must choose one of these options within forty-five (45) days from the date this Order is filed. If Plaintiff chooses to proceed as to his surviving claims against Defendants, the Court will issue an Order directing the U.S. Marshal to effect service of his FAC and dismiss the claims and defendants that fail to survive *sua sponte* review.

## II. Plaintiff's Motion to File Electronically

Generally, "[e]xcept as prescribed by local rule, order, or other procedure, the Court has designated all cases to be assigned to the Electronic Filing System." CivLR 5.4(a). With respect to pro se litigants, however, "[u]nless otherwise authorized by the court, all documents submitted for filing to the Clerk's Office . . . must be in legible, paper form." Office of the Clerk, United States District Court for the Southern District of California, Electronic Case Filing Administrative Policies and Procedures Manual § 2(b) (2020). A *pro se* party seeking leave to electronically file documents must file a motion and demonstrate the means to do so properly by stating their equipment and software capabilities in addition to agreeing to follow all rules and policies in the CM/ECF Administrative Policies and Procedures Manual. *Id*. The manual refers to the court's official website for CM/ECF technical specifications, *Id*. at § 1(i), which include a "computer running Windows or Macintosh"; "[s]oftware to convert documents from a word processor format to [PDF]," such as Adobe Acrobat PDF Writer ("Adobe Acrobat 7.0 and higher meet the CM/ECF filing requirements"); "PDF compatible word processor like WordPerfect or Word"; "Internet access supporting a transfer rate of 56kb or higher"; a compatible browser, such as Firefox 15, Internet Explorer 9, and Safari 5.1/6;

and a "[s]canner to image non-computerized documents." United States District Court, Southern District of California, CM/ECF: General Info, https://www.casd.uscourts.gov/cmecf (last visited January 13, 2021).

In the present motion, Plaintiff has provided information establishing that his computer and software are sufficient to electronically file documents with the court. Plaintiff has stated that he owns a "Mac" computer and "has access to Adobe Acrobat 7.0 software." Plaintiff has also stated that he has the ability "to convert Word documents to PDF," "Internet access supporting a transfer rate of 56kb or higher," and "Firefox 15 and Internet Explorer 9." Additionally, Plaintiff has stated that he has access to "a scanner to image non-computerized documents 400 pixels per inch." Plaintiff has also agreed to follow the rules and policies of the CM/ECF Administrative Policies and Procedures Manual.

Accordingly, the Court **GRANTS** Plaintiff's motion to file electronically.

## **CONCLUSION AND ORDER**

For all the reasons discussed above, IT IS HEREBY ORDERED:

1. The Breach of Contract, Trespass, Trespass to Chattels, Conversion, and Unjust Enrichment claims survive *sua sponte* review.
2. The Assault and Abuse of Process claims [Doc. No. 7] are **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and
3. The Court **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to either: (1) notify the Court of the intention only to proceed with the claims surviving *sua sponte* review; or (2) file a Second Amended Complaint ("SAC") which cures all the noted deficiencies of pleading. Plaintiff's SAC must be complete in itself, without reference to his original pleading. Defendants not named and any claims not re-alleged in the SAC will be considered waived. *See* CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims

dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

4. In the event Plaintiff elects to only proceed with his Breach of Contract, Trespass, Trespass to Chattels, Conversion, and Unjust Enrichment claims or fails to elect either option by the date such election is due, the Court will issue an Order dismissing all claims (and defendants) that have failed to survive *sua sponte* review and direct the U.S. Marshall to effect service of this FAC.

5. The Court **GRANTS** Plaintiff's Motion to File Electronically.

**IT IS SO ORDERED.**

DATED: March 8, 2021

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE