UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G. SMITH,<br><br>                              Plaintiff,<br><br>v.<br><br>DANIEL WOLF and<br>PAUL BEDINGTON,<br><br>                              Defendants. | Case No.: 3:20-cv-1409-JAH-JLB<br><br>**ORDER GRANTING IN PART AND DISMISSING IN PART PLAINTIFF'S SECOND AMENDED COMPLAINT [ECF No. 11]** |

**I.**

**INTRODUCTION**

On July 22, 2020, G. Smith ("Plaintiff"), proceeding pro se, filed a Complaint seeking damages against Daniel Wolf and Paul Bedington ("Defendants") for seven California state law claims: (1) Breach of Contract, (2) Assault, (3) Trespass, (4) Trespass to Chattels, (5) Conversion, (6) Abuse of Process, and (7) Unjust Enrichment. (ECF No. 1). Plaintiff concurrently filed a Motion to Proceed in forma pauperis ("IFP"). (ECF No. 2).

On October 28, 2020, this Court granted Plaintiff's Motion to Proceed IFP and dismissed Plaintiff's Complaint in part without prejudice pursuant to U.S.C. § 1915(e)(2)(B)(ii). (ECF No. 6). Plaintiff then filed a First Amended Complaint, which the Court granted in part and dismissed in part without prejudice pursuant to U.S.C. §

1915(e)(2)(B)(ii).  Presently before the Court is Plaintiff's operative Second Amended Complaint ("SAC"), which alleges the original seven claims and includes two additional claims of Negligent Interference with Prospective Economic Relations and Intentional Infliction of Emotional Distress. (ECF No. 11, "Compl."). After a careful review of the pleadings and for the reasons set forth below, the Court **GRANTS IN PART** and **DISMISSES IN PART** Plaintiff's Second Amended Complaint.

## II.
## LEGAL STANDARD

When a Plaintiff seeks leave to proceed IFP, the SAC is subject to *sua sponte* review, and mandatory dismissal, if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." See 28 U.S.C. § 1915(e)(2)(B); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015) (pursuant to 28 U.S.C. § 1915(e)(2) "the court shall dismiss the case at any time if the court determines that… (B) the action or appeal… (ii) fails to state a claim on which relief may be granted."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("section 1915(e) not only permits, but requires, a district court to dismiss an in forma pauperis complaint that fails to state a claim."). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  Whether the causes of action are timely filed is also a matter to be reviewed under Federal Rule of Civil Procedure 12(b)(6).

## III.
## DISCUSSION

In the prior *sua sponte* screening and order of this Court, (ECF No. 9), this Court found that the Breach of Contract, Trespass, Trespass to Chattels, Conversion and Unjust Enrichment claims survived sua sponte review. *Id.* at 9.  Plaintiff re-alleges these claims, in the SAC. ECF No. 11.  The Court dismissed, without prejudice, Plaintiff's Assault and Abuse of Process claims.  ECF No. 9 at 9.  As noted, Plaintiff has alleged two additional

claims – Negligent Interference with Prospective Economic Relations and Intentional Infliction of Emotional Distress. This Court considers all claims pursuant to 28 USC Section 1915(a).

### 1. Breach of Contract Claim

Having reviewed this claim, the Court adopts and incorporates the rationale contained in its analysis in the order granting in part and dismissing in part Plaintiff's First Amended Complaint, (ECF No. 9, at 2-3), and finds Plaintiff has alleged sufficient facts to state a breach of contract claim.

### 2. Assault Claim

Plaintiff alleges on or about July 20, 2016, Defendant Wolf "took several steps closer to where Plaintiff stood, threatening her that he was about to physically grab her to remove her from the premises" and that Plaintiff was put "in immediate fear of an unconsented-to touching resulting in imminent bodily harm." Compl. at 4. Pursuant to Cal. Code Civ. Pro. §335.1, the statute of limitations for an assault claim is two years. Because more than two years has elapsed from when the incident occurred to the filing of Plaintiff's complaint on July 22, 2020, the assault claim is time-barred.

### 3. Trespass Claim

Plaintiff alleges on or about July 22, 2016, Defendants "entered [Plaintiff's] suite without Plaintiff's consent." Compl. at 5. Pursuant to Cal. Code Civ. Pro. § 338(b), the statute of limitations for a trespass claim is three years. Because more than three years has elapsed from when the incident occurred to the filing of Plaintiff's complaint on July 22, 2020, the trespass claim is time-barred.

### 4. Trespass to Chattels Claim

Plaintiff alleges on or about July 22, 2016, Defendants "entered into Plaintiff's suite and converted all of Plaintiff's possessions contained within it[.]" Compl. at 5. Pursuant to Cal. Code Civ. Pro. § 338(c)(1), the statute of limitations for a trespass to chattels claim is three years. Because more than three years has elapsed from when the incident occurred

to the filing of Plaintiff's complaint on July 22, 2020, the trespass to chattels claim is time-barred.

### 5. Conversion Claim

Plaintiff alleges on or about July 22, 2016, Defendants "entered into Plaintiff's suit[e] and took Plaintiff's possessions[.]" Compl. at 6. Pursuant to Cal. Code Civ. Pro. § 338(c)(1), the statute of limitations for a conversion claim is three years. Because more than three years has elapsed from when the incident occurred to the filing of Plaintiff's complaint on July 22, 2020, the conversion claim is time-barred.

### 6. Abuse of Process Claim

Plaintiff alleges on or about July 19, 2016, Defendant Wolf "procured [a] TRO by perjury, falsely alleging that Plaintiff has abused him." Compl. at 6. Pursuant to Cal. Code Civ. Pro. § 340, subd. (3), the statute of limitations for an abuse of process claim is one year. Because more than one year has elapsed from when the incident occurred to the filing of Plaintiff's complaint on July 22, 2020, the abuse of process claim is time-barred.

### 7. Unjust Enrichment Claim

Plaintiff alleges on or about July 22, 2016, Defendants "greatly profited by depriving Plaintiff of the contract's most valuable benefit." Compl. at 8. Pursuant to Cal. Code Civ. Pro. § 339, subd. (1), the statute of limitations for an unjust enrichment claim is two years. Because more than two years has elapsed from when the incident occurred to the filing of Plaintiff's complaint on July 22, 2020, the unjust enrichment claim is time-barred.

### 8. Negligent Interference with Prospective Economic Relations Claim

Plaintiff alleges on or about July 22, 2016, Defendants failed to act with reasonable care, which disrupted Plaintiff's separate contract with McBride Literary Agency ("McBride"). Compl. at 8. Plaintiff claims Defendants were aware or should have been aware of its contract in October 2015. (*Id*.) Pursuant to Cal. Code Civ. Pro. § 339, subd. (1), the statute of limitations for a negligent interference with prospective economic relations claim is two years. Because more than two years has elapsed from when the

incident occurred to the filing of Plaintiff's complaint on July 22, 2020, the negligent interference with prospective economic relations claim is time-barred.

*9. Intentional Infliction of Emotional Distress Claim*

Plaintiff alleges on or about July 22, 2016, Defendants caused Plaintiff to "suffer severe emotional distress from [their] conduct." Compl. at 9. Pursuant to Cal. Code Civ. Pro. § 335.1, the statute of limitations for an intentional infliction of emotional distress claim is two years. Because more than two years has elapsed from when the incident occurred to the filing of Plaintiff's complaint on July 22, 2020, the intentional infliction of emotional distress claim is time-barred.

## IV.
## CONCLUSION

Accordingly, for all of the aforementioned reasons, IT IS HEREBY ORDERED:

1. The Breach of Contract claim survives *sua sponte* review.
2. The Assault, Trespass, Trespass to Chattels, Conversion, Abuse of Process, Unjust Enrichment, Negligent Interference with Prospective Economic Relations, and Intentional Infliction Emotional Distress claims are **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).
3. The Clerk of Court shall issue a summons as to Plaintiff's Second Amended Complaint, (ECF No. 11), and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of the Complaint, and the summons so that they may serve the Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285s as completely and accurately as possible, include an address where each named Defendant may be served, *see* S.D. Cal. CivLR 4.1.c, and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying the IFP package;

4. The U.S. Marshal shall serve a copy of the Complaint and summons upon Defendants as directed by Plaintiff on the USM Form 285 provided. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(3);

5. Plaintiff shall, after service has been effected by the U.S. Marshal, serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document they seek to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document was served on Defendants or Defendants' counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service upon the Defendants, may be disregarded.

**IT IS SO ORDERED.**

DATED: December 1, 2021

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE