1
2
3
4
5
6
7
8

9              UNITED STATES DISTRICT COURT

10             SOUTHERN DISTRICT OF CALIFORNIA

11

| 12 | G. SMITH, | Case No.:  3:20-cv-01409-JAH-JLB |
| 13 | Plaintiff, | |
| 14 | v. | **ORDER DENYING MOTION FOR RECONSIDERATION** |
| 15 | DANIEL WOLF and PAUL BEDINGTON, | |
| 16 | | |
| 17 | Defendants. | [ECF No. 17] |

18        Pending before the Court is Plaintiff G. Smith's ("Plaintiff") Motion for Relief from

19   Judgment or Order.  (ECF No. 17).  Pursuant to Federal Rules of Civil Procedure 60(b)(1),

20   Plaintiff moves for reconsideration of the Court's Order *sua sponte* dismissing with

21   prejudice Plaintiff's Assault, Trespass, Trespass to Chattels, Conversion, Abuse of Process,

22   Unjust Enrichment, Negligent Interference with Prospective Economic Relations, and

23   Intentional Infliction of Emotional Distress claims as time-barred.  (ECF No. 12).  Plaintiff

24   claims she intended to bring the instant motion in January of 2022, and her failure to seek

25   leave to amend her complaint and serve Defendants is the result of inadvertence and

26   excusable neglect.  Rule 60(b) (1) of the Federal Rules of Civil Procedure provides:

27

28

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

> On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect. . . .

Plaintiff's motion is brought eight-months after the Court's Order dismissing eight out of nine claims in her Amended Complaint, and over one-month after the Court issued an Order to Show Cause for Plaintiff's failure to prosecute this action.  (ECF Nos. 12, 14).  Pursuant to Rule 60(c)(1), a motion "must be made within a reasonable time . . . [but] no more than a year after the entry of the . . . order . . . ."  Fed. R. Civ. P. 60(c)(1).  Plaintiff accounts for the delay stating that it is the result of "COVID-19 related illness and incapacity".  Mot. at 2.  Plaintiff does not provide any further context or clarification and does not submit an affidavit in support of this statement.  *In re Int'l Fibercom, Inc.*, 503 F.3d 933, 945 (9th Cir. 2007) ("What qualifies as a reasonable time depends on the facts of each case.") (citation and quotation marks omitted).  Plaintiff does not adequately show "that circumstances beyond [her] control prevented timely action".  *Id.*

However, even assuming Plaintiff is entitled to relief under Rule 60(b)(1), her request for leave to amend would be denied as futile.  *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").  Plaintiff seeks leave to amend her complaint to re-allege claims for Unjust Enrichment, Negligent Interference with Prospective Economic Relations, Intentional Infliction of Emotional Distress, and Negligent Infliction of Emotional Distress, citing to the doctrine of delayed discovery and continuing injury.  Mot. at 6-8.  Plaintiff primarily relies on case law from the California Supreme Court and Idaho Supreme Court to support her proposition that the doctrine of delayed discovery "provides that a court will most likely err by dismissing the vast majority of claims for relief in a complaint . . . as th[is] Court did".  Mot. at 8; *but see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (section 1915(e) "not only permits but requires, a district court to dismiss an in forma pauperis complaint that fails to state a claim.").  However, the doctrine of delayed

1    discovery does not provide the remedy Plaintiff asserts.  The delayed discovery doctrine

2    "makes accrual of a cause of action contingent on when a party discovered or should have

3    discovered that his or her injury had a wrongful cause." *Lederer v. Gursey Schneider LLP*,

4    22 Cal.App.5th 508, 527 (2018) (citation and quotations omitted).  That Plaintiff seeks to

5    add new facts to claims previously pled while invoking the delayed discovery doctrine does

6    not remedy the statute of limitations defect.  Plaintiff commenced this action against

7    Defendants asserting the claims she now seeks to re-allege, evincing a "reason to at least

8    suspect that a type of wrongdoing has injured her." *Fox v. Ethicon Endo-Surgery, Inc.*, 25

9    Cal.4th 797, 807 (2005).

10          To the extent that Plaintiff relies on the continuing damages, or continuing violations

11   doctrine, that argument is also unavailing.  "The continuing violation doctrine aggregates

12   a series of wrongs or injuries for purposes of the statute of limitations, treating the

13   limitations period as accruing for all of them upon commission or sufferance of the last of

14   them."  *Willis v. City of Carlsbad*, 48 Cal.App.5th 1104, 1124 (2020) (citation omitted).

15   For the continuing violation doctrine to apply, a plaintiff must show the defendant engaged

16   in "a pattern of reasonably frequent and similar acts [that] may, in a given case, justify

17   treating the acts as an indivisible course of conduct actionable in its entirety,

18   notwithstanding that the conduct occurred partially outside and partially inside the

19   limitations period."  *Id.*  Plaintiff asserts that she suffered "ongoing injury, chaos and

20   trauma that would not have happened but for Defendants' malice . . . [and] the fact is due

21   to the ongoing consequences of Defendants' actions, Plaintiff was unable to exercise such

22   due diligence."  Mot. at 7.  However, Plaintiff's proposed complaint fails to show that

23   Defendants engaged in a pattern of reasonably frequent and similar acts.  *See Aryeh v.*

24   *Canon Business Solutions, Inc.*, 55 Cal.4th 1185, 1198 (2013) (finding the continuing

25   violation doctrine inapplicable where the allegations against Defendants are "a series of

26   discrete, independently actionable wrongs").  "Nor is this a case in which a wrongful course

27   of conduct became apparent only through the accumulation of a series of harms[.]"  *Id.*  As

28

1  such, Plaintiff fails to demonstrate that the continuing damages doctrine is applicable.

2  Accordingly, for the reasons above, the Court **denies** Plaintiff's motion for reconsideration.

3  　　　**IT IS SO ORDERED.**

4  DATED:  August 8, 2022

5  　　　　　　　　　　　　　　　　　　_____

6  　　　　　　　　　　　　　　　　JOHN A. HOUSTON
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3:20-cv-01409-JAH-JLB