UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANA SMITH,<br><br>                    Plaintiff,<br><br>v.<br><br>DANIEL WOLF and PAUL BEDINGTON,<br><br>                    Defendants. | Case No.: 3:20-cv-01409-JAH-JLB<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO CHANGE NAME;**<br><br>**(2) DENYING MOTION TO SUPPLEMENT SUPPORT FOR SUBJECT MATTER JURISDICTION;**<br><br>**(3) GRANTING MOTION FOR EXTENSION OF TIME TO SERVE.**<br><br>**[ECF NOS. 22, 23, 24]** |

## I.
## INTRODUCTION

Presently before the Court is Plaintiff's Supplemental Motion to Support Subject Matter Jurisdiction, (ECF No. 22), Motion Providing Proof of Legal Name Change, (ECF No. 23), and Motion for Order Extending Time to Serve, (ECF No. 24). Upon consideration of the motions and the applicable law, and for the reasons set forth below, the Court **DENIES** the Supplemental Motion to Support Jurisdiction, **GRANTS** the request to proceed under Plaintiff's legal name, and **GRANTS** the motion for extension of time to serve Defendants.

## II.

## BACKGROUND

Plaintiff G. Smith ("Plaintiff"), proceeding *in forma pauperis*, filed a Second Amended Complaint on April 22, 2021, alleging violations of Breach of Contract, Assault, Trespass, Trespass to Chattels, Conversion, Abuse of Process, Unjust Enrichment, Negligent Interference with Prospective Economic Relations, and Intentional Infliction of Emotional Distress.  (Second Amend. Compl., ECF No. 11).  Plaintiff requested compensatory and punitive damages in the amount of $2.7 million dollars, $500,000 in non-economic damages, pre-judgment interest, and attorneys' fees. On December 1, 2021, the Court dismissed with prejudice Plaintiff's Assault, Trespass, Trespass to Chattels, Conversion, Abuse of Process, Unjust Enrichment, Negligent Interference with Prospective Economic Relations, and Intentional Infliction of Emotional Distress claims as time-barred; Plaintiff's Breach of Contract claim is the sole remaining cause of action. (ECF No. 12).  The Court directed the Clerk of Court to prepare and provide Plaintiff an "IFP Package", which included a summons, a blank U.S. Marshal Form 285, a certified copy of the Court's Order, and a certified copy of the Complaint.  (*Id.*)  Plaintiff was directed to complete Form 285 and "return [it] to the United States Marshal".  On June 22, 2022, the Court issued an Order to Show Cause for dismissal for want of prosecution under Local Rule 41.1.  (ECF No. 14).  Plaintiff thereafter concurrently filed a Motion for Reconsideration and an Amended Complaint. (ECF No. 17).  The Court denied the motion for reconsideration, (ECF No. 20), and ordered the amended complaint be stricken from the docket, (ECF No. 19).  Plaintiff telephonically appeared for a hearing on August 10, 2022, where the Court discharged the order to show cause.  (ECF No. 21).  The Court also ordered Plaintiff to file a supplemental brief establishing with competent evidence that the requirements of § 1332 are satisfied as to the amount in controversy, as well as to request leave to amend to proceed under a pseudonym or provide competent proof of a name change. (*Id.*)

The Second Amended Complaint alleges jurisdiction is proper pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and the alleged amount in controversy exceeds $75,000.  Plaintiff's Breach of Contract claim is premised on Plaintiff signing a 90-day lease with Defendants, exchanging housing owned by the Defendants for Plaintiff's "professional services." (Second Amend. Compl. ¶ 24).  Nearly one year later, Plaintiff was evicted by the Sheriff's Department at the behest of Defendants.  (*Id*. ¶ 25).  Plaintiff alleges Defendants acted with malice, causing Plaintiff to suffer actual, consequential, and punitive damages in the amount of $1,000,000.  (*Id.* ¶ 25).[1]

## III.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution or statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "[A] court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action." *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 673 (9th Cir. 2012) (citation and internal quotation marks omitted).  Subject matter jurisdiction based on 28 U.S.C. § 1332 requires (1) diversity of citizenship, and (2) an amount in controversy exceeding $75,000. Plaintiff's "amount-in-controversy allegation is accepted if made in good faith." *Dart*

---

[1] It should be noted that "[i]n the absence of an independent tort, punitive damages may not be awarded for breach of contract even where the defendant's conduct in breaching the contract was willful, fraudulent, or malicious." *Cates Constr., Inc. v. Talbot Partners*, 21 Cal.4th 28, 61 (1999); *Harris v. Atl. Richfield Co.*, 14 Cal. App. 4th 70, 77–78 (1993) (noting that punitive damages are normally not available for breach of contract unless the breach is also tortious).  The Court has dismissed all of Plaintiff's claims for tortious breaches of contract, as such, Plaintiff cannot recover punitive damages.  Therefore, the actual and consequential damages arising from the Breach of Contract claim must meet the jurisdictional minimum of $75,000.

*Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014).  "The burden of establishing subject matter jurisdiction rests on the party asserting that the court has jurisdiction." *In re Wilshire Courtyard*, 729 F.3d 1279, 1284 (9th Cir. 2013).

## IV.
## DISCUSSION

Plaintiff asserts that subject-matter jurisdiction is proper because complete diversity exists between the parties, and the amount in controversy exceeds $75,000.  Complete diversity of the parties is not in question.  In support of the sole remaining claim for breach of contract meeting the jurisdictional minimum amount, Plaintiff asserts that although damages for mental suffering and emotional distress are generally not recoverable in an ordinary action for breach of contract, "such damages are recoverable where the terms if the contract directly involve issues of comfort, personal welfare or emotional and mental well being." (ECF No. 22 at 3 (citing *Erlich v. Menezes,* 21 Cal. 4th 543, 559 (1999)). Plaintiff continues that her "personal welfare, comfort, emotional and mental well-being were directly tied to the contract at issue . . . Plaintiff justifiably placed the very issue of personal welfare and comfort of Plaintiff . . . in the hands of Defendants." *Id.*

"The traditional rule . . . [provides] that damages are not recoverable for mental suffering resulting from a breach of contract." *Wynn v. Monterey Club*, 111 Cal. App. 3d 789, 799 (1980).  However, emotional distress damages may be recoverable when "the express object of the contract is the mental and emotional well-being of one of the contracting parties."  *Erlich v. Menezes*, 21 Cal. at 559 (citations omitted).  As the California Supreme Court explained in justifying emotional distress damages for a breach of contract claim, "[w]henever the terms of a contract relate to matters which concern directly the comfort, happiness, or personal welfare of one of the parties, or the subject-matter of which is such as directly to affect or move the affection, self-esteem, or tender feelings of that party, he may recover damages for physical suffering or illness proximately caused by its breach." *Chelini v. Nieri*, 32 Cal. 2d 480, 482 (1948).

Plaintiff was instructed to provide competent proof of the Court's jurisdiction. Despite the Court's instruction, Plaintiff's supplemental motion was conclusory and vague, and Plaintiff merely recites the exception iterated in *Erlich*. Notably, Plaintiff did not support her claim for actual or consequential damages and does not provide any facts to support her claim that the exception to the traditional rule applies. *See Erlich*, 21 Cal. 4th at 558-59 (citing cases on the types of mental anguish required). Without more, the Court cannot find a meaningful basis to assert jurisdiction over this matter.

## V.
## CONCLUSION

Accordingly, IT IS HEREBY ORDERED:

(1) Plaintiff's Supplemental Motion is **DENIED**. Plaintiff may file an amended supplemental brief asserting grounds for jurisdiction within thirty (30) days from the date of this Order which cures all deficiencies noted. Plaintiff is again advised that a failure to provide *competent proof* of the Court's jurisdiction over this matter will result in a dismissal of this action. A failure to file an amended supplemental brief will result in a dismissal of this action without further order of the Court.

(2) Plaintiff's motion to update the docket to reflect her legal name change is **GRANTED**. The Clerk is ordered to update the docket to reflect the change.

(3) Plaintiff's motion for an extension of time to served is **GRANTED.** Plaintiff's deadline to serve Defendants shall be extended up to and including **November 18, 2022**.

**IT IS SO ORDERED.**

DATED: November 14, 2022

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE